IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE ZIMMERMAN-CRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1245 |
| | ) | |
| KEY INDEPENDENT MANAGEMENT, | ) | Judge Cercone |
| also known as KEY ENTERPRISES FOR | ) | Magistrate Judge Hay |
| THE BLIND, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully submitted that the defendant's motion to dismiss [dkt. 3] should be granted and Count II should be dismissed without prejudice. It is further recommended that plaintiff be afforded two weeks to amend her complaint.

REPORT

The plaintiff brought suit against the defendant asserting that it terminated her employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. (Count I) and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 et seq. (Count II).

Presently before the Court for disposition is the defendant's motion to dismiss Count II of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) upon the plaintiff's failure to exhaust her administrative remedies.

*Standard of Review*

Pursuant to Fed. R. Civ. Proc. 12(b)(6), a motion to dismiss may be granted by the

court if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether the plaintiff will prevail at the end but only whether she should be entitled to offer evidence to support her claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).[1]

*Discussion*

The ADA has adopted the enforcement scheme and remedies found in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. See 42 U.S.C. § 12117(a). Under Title VII, a charge of discrimination must be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The EEOC must serve notice of the charge on the employer and investigate the claim. Id. If the charge has not been resolved by the EEOC within 180 days after being filed, then the EEOC must issue a right-to-sue letter, or the charging party may request a letter. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28. Upon receipt of the right-to-sue letter, the complainant has 90 days to bring suit in federal court. Id. "The on-set of the 90-day

---

1. In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

period is generally considered to be the date on which the complainant receives the right-to-sue letter." Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) (citations omitted).

Although exhaustion of the administrative charge is not a jurisdictional requirement, it is a statutory prerequisite to commencing a civil action. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); McNasby v. Crown Cork and Seal Co., Inc., 888 F.2d 270, 282 (3d Cir. 1989)("Filing a charge and receiving a right to sue letter are prerequisites to an individual's bringing suit under Title VII."). "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." Burgh, 251 F.3d at 470 (citations omitted). Importantly, the Third Circuit has declared that "[a] complainant may not bring a Title VII suit without having first received a right-to-sue letter." Id. (citations omitted).

The complaint in the instant case alleges that the plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) and cross-filed the charge with the EEOC, and that more than 180 days had elapsed since the charge was referred to the EEOC. There is no averment in the complaint that the EEOC had closed its investigation or issued a right-to-sue letter. Nor is there any general pleading that all conditions precedent to the commencement of the action have been met. In the absence of any averments to establish that plaintiff exhausted her administrative remedies under the ADA, the defendant moved to dismiss Count II for failure to state a claim upon which relief can be granted.

In response, the plaintiff conceded the statutory requirement that prior to filing suit a complainant must receive a right-to-sue letter. See Plaintiff's Brief in Opposition to

Defendant's Motion to Dismiss ("Pl. Br."), p. 4 (dkt. 9). She further conceded that she filed suit in this case without having first received a right-to-sue letter. See Pl. Br., pp. 2-3; Plaintiff's Opposition to Defendant's Motion to Dismiss, Exhibit 1, Affidavit of Neal A. Sanders, Esquire ("Sanders' Aff."), ¶ 7 (dkt. 8).

It appears that plaintiff's counsel requested a right-to-sue letter in July, 2006, and when it was not timely received counsel made further inquiry of EEOC, which advised that processing the request would take some time given the backlog of requests facing the agency. Sanders' Aff., ¶¶ 3-5; Pl. Br., p. 2. Plaintiff filed suit on September 19, 2006, without the right-to-sue letter "rather than further delay the disposition of [her] claims." Pl. Br., pp. 2-3. Sometime in November, 2006, i.e., after the lawsuit and defendant's motion to dismiss were filed, Plaintiff received the right-to-sue letter, dated November 9, 2006. Pl. Br., EEOC Notice - ADA.

Plaintiff suggests that she should be excused from the statutory requirement that precludes suit until receipt of a right-to-sue letter or that the subsequent issuance of the right-to-sue letter instantaneously cured the initial filing deficiency. In support of her argument, plaintiff cites Anjelino v. New York Times Co., 200 F.3d 73 (3d Cir. 1999). In this court's view, Anjelino does not provide such support.[2] In Anjelino, the Circuit reversed the trial court's dismissal on grounds of failure to exhaust administrative remedies where, prior to filing suit, the

---

2. Plaintiff has cited no other authority and we have found none that would support the outcome she proposes. While the courts have noted that receipt of the right-to-sue letter after a civil suit is commenced may cure the initial deficiency, in the Third Circuit this reasoning has only been applied where the right-to-sue letter relates to a second charge of retaliation arising out of an initial charge for which a right-to-sue letter was obtained. See Anjelino, 200 F.3d at 96-97; Gooding v. Warner-Lambert Co., 744 F.2d 354 (3d Cir. 1984). Indeed, Gooding notes that lack of a right-to-sue letter is properly the subject of a Rule 12(b)(6) motion. 744 F.2d at 358 n. 5.

4

plaintiffs had failed to secure a right-to-sue letter with respect to a retaliation charge. The retaliation charge arose after plaintiffs filed their original administrative charge and after they filed their complaint. However, plaintiffs had obtained a right to sue letter as to the initial charge, which is not the case here.

The solution in this case is more properly dismissal of Count II without prejudice to amend the complaint. The procedure followed in this Circuit requires that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile. ... Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 235-236 (3d Cir. 2004)(citations omitted). Indeed, it is clear that the plaintiffs in Anjelino initially filed suit before receiving their right-to-sue letters on their original discrimination charges but amended the complaint four days after receiving those letters. 200 F.3d at 84-85. Here, plaintiff could have - - and, in the interest of protecting her rights and avoiding further delay, arguably should have - - amended her complaint upon receipt of her right-to-sue letter in November, 2006. Thus, on the record before this Court, it cannot be said with certainty that an amendment would be inequitable or futile. Resolving any doubt in favor of the plaintiff, it is recommended that plaintiff be granted two weeks within which to amend her complaint. It is further recommended that, should plaintiff fail to amend timely, defendant should be granted two weeks within which to move for dismissal with prejudice.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & ©, and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                                           Respectfully submitted,

                                                           */s/  Amy Reynolds Hay*
                                                           United States Magistrate Judge

Dated:  1 June, 2007

cc:      Hon. David Stewart Cercone
          United States District Judge

          All counsel of record by Notice of Electronic Filing